Parthenia **MERCER**, Appellant,

v.

**UNITED STATES of America and Jesse Gallman and Beulah Gallman.**

**No. 18446.**

United States Court of Appeals, Third Circuit.

Argued Sept. 22, 1970.

Decided Oct. 6, 1970.

————◆————

Sheldon Tabb, Needleman, Needleman, Segal & Tabb, Philadelphia, Pa., for appellant.

Thomas J. McBride, Asst. U. S. Atty., Louis C. Bechtle, U. S. Atty., Philadelphia, Pa., for appellees.

Before HASTIE, Chief Judge, and FREEDMAN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM: .

The issue raised by this appeal is whether the trial court was required to find under the evidence that either defendant knew or had reason to know of any condition existing on the land involving unreasonable risk to plaintiff-appellant.

In October, 1960, the Veterans Administration ("V.A.") acquired the property at 3875 Poplar Street, Philadelphia, at a Sheriff's Sale after foreclosure on a loan guaranteed by the V.A. The back yard of this property was enclosed by a brick wall which also formed, to the height of the wall, one side of a two-story high chimney. A government appaiser rated the condition of the property at the time of acquisition by the V.A. as "fair," with "spot pointing" recommended for the bricks of the back yard wall.

The property was transferred, under a lease-purchase agreement, to the Gallmans on April 10, 1961, the V.A. retaining the right to inspect the property and to require that repairs be made. Before the Gallmans acquired the property, a band had been wrapped around a portion of the chimney which rose above the rear wall, and a clothesline had been run between pulleys which were attached to this band and pulleys attached to the rear of the house. At no time relevant to this case was the chimney used for any other purpose. The V.A. inspected the property on June 5, 1964. Its report mentioned no needed repairs, and described the general condition of the property as "good." Sometime in June, 1964, Mr. Gallman leaned a six-foot ladder against the chimney to put up a new clothesline. From that time until November, 1964, when the chimney fell, the clothesline was used by Mrs. Gallman and her sister without any apprehension of danger from the chimney.

In August, 1964, plaintiff rented the second-floor premises from the Gallmans. Mr. Gallman told plaintiff she could use the clothesline, and she did use it commonly with Mrs. Gallman and the latter's sister. While pulling in some clothes from the line on November 17, 1964, the chimney collapsed and bricks fell on appellant, causing her serious injury.

The case was tried before Judge Joseph S. Lord, III, sitting without a jury, in the District Court for the Eastern District of Pennsylvania. In the course of setting forth his "Findings of Fact, Conclusions of Law, and Order," Judge Lord stated the applicable law to be as follows:

"It is essential to the imposition of liability upon a vendor (the government) and a lessor (the Gallmans, and possibly the government) that the defendant know or have reason to know of the condition involving an unreasonable risk to persons on the land. REST., TORTS, (Second), § 353(1) (b); § 358(1). It does not matter that the condition, if it existed, would be disclosed by a reasonable inspection. Neither a vendor nor a lessor has any duty 'to inspect the land in order to discover its actual condition.' REST., TORTS, (Second), § 353, comment b[.]"

Applying the above statement of law to this case, Judge Lord found as a fact "that neither the government nor the Gallmans knew or had reason to know of any condition of the chimney involving unreasonable risk to persons on the land."

Plaintiff does not dispute Judge Lord's statement of the law, but argues instead that continuous use of the clothesline created a foreseeable risk that the chimney would eventually collapse. To support this argument, plaintiff draws an analogy to Paulscak v. Hoebler, 330 Pa. 184, 198 A. 646 (1938), and Pope v. Reading Co., 304 Pa. 326, 156 A. 106 (1931). In *Paulscak*, the defendant had placed on a building five heavy electric motors which operated the lights of two billboards and caused vibrations over a long period of time. The vibrations finally loosened the bricks of the building and a wall collapsed, injuring the plaintiff. In *Pope*, the vibrations of passing trains caused concrete to fall from a wall situated on property owned by defendant railroad, injuring plaintiff. These cases, however, are distinguishable from the present case. In *Paulscak* the defendant had actual knowledge of the defect from its own inspections, and from complaints of vibrations, falling plaster, and dust settling in the street. In *Pope*, the defendant was chargeable with knowledge because pieces of concrete had been dropping from the coping of the wall for at least two weeks before the accident. Moreover, these cases establish only that a jury may find that the forces mentioned could cause a wall to disintegrate. In the present case, the fact finder made no such finding.

Plaintiff would have this Court infer from the laws of nature that an obvious hazard here existed because of the weight of many loads of clothes, and repeated pulling on the clothesline. In the absence of expert testimony in the record, we are unable so to deduce. We cannot, therefore, conclude that Judge Lord's findings of fact are "clearly erroneous." See Fed.R.Civ.P. 52(a).

Accordingly, the judgment will be affirmed.